(No. 860—Claim denied.)

ELLA M. COCHRAN, Claimant, *vs*. STATE OF ILLINOIS,
Respondent.

*Opinion filed May 1, 1925.*

SERVICES—*when award will not be made for.*  The court will look with disfavor upon claims filed when several sessions of the legislature intervene between the time the services are alleged to have been rendered and the filing of the claim therefor.

RULES OF COURT—*must be complied with.*  Claimant must comply with the rules of court in the filing of his claim against the State.

ELLA M. COCHRAN, for claimant.

OSCAR E. CARLSTROM, Attorney General; FLOYD E. BRITTON AND J. W. GULLETT, Assistant Attorneys General, for respondent.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Ella M. Cochran being the plaintiff in this suit files this claim in the sum of $150.00, which she claims to be due her for services rendered by her in the early part of the year 1921 and at the request of the Attorney General of the State of Illinois for work done in writing in cases wherein the Attorney General filed petitions for the dissolution of certain corporations of the State of Illinois.

It seems from the evidence in this case that the claimant was Deputy County Clerk of Sangamon county and as such undoubtedly was being paid a regular salary or compensation regularly for her services.

As such Deputy County Clerk she claims that this work was for extra night services done by her in connection with

the aforesaid cases and at the request of the Attorney General.

She has made out and filed in this court a claim sworn to by her against the Attorney General of the State of Illinois for such services. It does not appear anywhere that she has ever filed a declaration or made out a claim and sworn to the same against the State of Illinois. She states however, that she made application to the Attorney General in 1921 to pay this claim, which he claims he could not do as he had exhausted his appropriations that year, made for such purposes.

These services were rendered in May, 1921, and this claim is not filed until January 12, 1925, until after the expiration of the term of the Attorney General who secured her services; as aforesaid the Attorney General Edward J. Brundage in response to a letter written by her, admits that the claim is just and that he agreed to pay the same, but did not do it for the reason of lack of funds.

He further states that these services were done in compliance with appropriations made for the purpose for which it was claimed to be made in 1919.

It appears from this then, that there were three sessions of the Legislature to-wit: 1919, 1921 and 1923 when appropriations might have been made to pay for all of such services.

It is evident that she was being paid her regular salary for services as Deputy County Clerk during the time that she was doing this work.

She has let this claim drag throughout the entire term of Attorney General Brundage and after the expiration of his term of office has filed this claim for allowance.

We do not look upon such claims with favor. There is no declaration filed nor are the rules complied with in bringing such claims in any particular.

For the reasons above stated, the above claim will be disallowed and the case dismissed.